```
         UNITED STATES DISTRICT COURT
          MIDDLE DISTRICT OF FLORIDA
             FORT MYERS DIVISION
```

COMFORT REALTY CORPORATION,

        Plaintiff,

vs.                              Case No. 2:05-cv-391-FtM-29SPC

BALBOA LIFE INSURANCE COMPANY,

        Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on plaintiff's Motion to Remand (Doc. #13), filed on September 9, 2005; and defendant's Motion to Dismiss (Doc. #8) filed on August 30, 2005. Plaintiff filed a Response to Defendant's Motion to Dismiss (Doc. #14) on September 9, 2005.

**I.**

     The case was initiated in the Twentieth Judicial Circuit Court on July 20, 2005, and removed to federal District Court on August 12, 2005, on the basis of diversity jurisdiction. The Amended Complaint (Doc. #5) alleges that plaintiff Comfort Realty Corporation is a Florida corporation and that defendant Balboa Life Insurance Company is a foreign corporation authorized to do business in the State of Florida. Plaintiff alleges that, on or about May 1, 2000, defendant entered into an insurance contract with Fairbanks Capital Corporation, a lender, concerning a home and

personal property of plaintiff as a "claimant beneficiary." The agreement provided that defendant would pay for direct physical loss or damage on a replacement cost basis. Plaintiff's property was damaged on three occasions due to vandalism and theft between March and May 2002. Plaintiff alleges that it complied with all requirements for providing proofs of loss and submitting to an examination under oath, but defendant denied the claims. Plaintiff alleges three counts of breach of contract based on the denials.

**II**.

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000). A district court has subject matter jurisdiction over diversity cases pursuant to 28 U.S.C. § 1332. Section 1332(a) requires that the parties be citizens of different states and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Diversity jurisdiction requires complete diversity, i.e., that all plaintiffs must be diverse from all defendants. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Riley v. Merrill Lynch, Pierce, Fenner & Smith, 292 F.3d 1334, 1337 (11th Cir.), cert. denied, 537 U.S. 950 (2002); University of South Ala. v. American Tobacco, 168 F.3d 405, 412 (11th Cir. 1999). A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it

has its principal place of business." Sweat Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242 (11th Cir. 2005)(citing 28 U.S.C. § 1332(c)(1)).  There is no argument in this case that the amount in controversy is not in excess of $75,000.

Plaintiff argues that defendant is registered with the Florida Department of State, Division of Corporations, to conduct business in the State of Florida, and therefore complete diversity is not present.  Although "Balboa Corporation" is registered with the Division of Corporations for the State of Florida, there is no evidence to establish that Balboa Corporation and Balboa Life Insurance Company are one and the same.  In any event, the mere authority to conduct business in Florida is not equivalent to incorporation or principal place of business in the state.  The Petition for Removal (Doc. #1) asserts that defendant is a California Corporation having its principal place of business in California.  Finding no evidence to the contrary, the Court concludes that Balboa Life Insurance Company is a California corporation with its principal place of business in California for diversity purposes.  Since there is complete diversity, the motion to remand is due to be denied.

### III.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th

Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n. 16.

Defendant argues that Fairbanks Capital Corporation is the insured under Master Policy #5889-0002 (Policy), Michael Dziadulonis and Karen Ficcardi are the borrowers, and that plaintiff has no standing to assert a breach of contract as a "third party claimant beneficiary." Plaintiff responds that it

bought the property and paid the outstanding premiums and fees under the insurance Policy but was not added as the new borrower.

"Third party beneficiary suits on contracts are permissible in Florida." Maxwell v. Southern Am. Fire Ins. Co., 235 So. 2d 768, 770 (Fla. 3d DCA 1970)(collecting cases). "A third party is an intended beneficiary, and thus able to sue on a contract, only if the parties to the contract intended to primarily and directly benefit the third party." Cigna Fire Underwriters Ins. Co., Inc. v. Leonard, 645 So. 2d 28, 29 (Fla. 4th DCA 1994)(citations omitted)(collecting cases). Although defendant argues that plaintiff is not intended beneficiary, the Court cannot make that determination at this stage of the proceedings. Florida Courts have found that a lessor/mortgagor of a property can recover as a third-party beneficiary against the insurance company of the lessee/mortgagee for loss to the property. Ran Invs., Inc. v. Indiana Ins. Co., 379 So. 2d 991 (Fla. 4th DCA 1980); Schlehuber v. Norfolk & Dedham Mut. Fire Ins. Co., 281 So. 2d 373 (Fla. 3d DCA), cert. denied, 288 So. 2d 259 (Fla. 1973). The Court finds that, taking all allegations as true and in light most favorable to plaintiff, it cannot be said that plaintiff can prove no set of facts which would establish its standing.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion to Remand (Doc. #13) is **DENIED.**

2.  Defendant's Motion to Dismiss (Doc. #8) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of October, 2005.

_____
JOHN E. STEELE
United States District Judge